IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL TERRELL VARGAS, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0765 |
| | : | |
| JOSEPH J. MCCAULEY, | : | |
|     Defendant. | : | |

MEMORANDUM

**KENNEY, J.**                                                                                                                        **MARCH 1, 2024**

*Pro Se* Plaintiff Angel Terrell Vargas, Jr. brings this Complaint pursuant to 42 U.S.C. § 1983 against Philadelphia Police Officer Joseph J. McCauley. Vargas alleges claims for false arrest and false imprisonment. For the following reasons, the Court will grant Vargas leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Vargas will be given an opportunity to file an amended complaint.

**I.     FACTUAL ALLEGATIONS**

The factual allegations in Vargas's Complaint are sparse. He alleges that he "was arrested a few times on the same charge in the City of Philadelphia . . . by Officer Joseph J. McCauley." (Compl. at 4.)[1] Vargas also alleges that he was "illegally detained" by the City of Philadelphia. (*Id*. at 5.)[2] He states that the events giving rise to his claims occurred from January 20, 2020 through December 11, 2023. (*Id*.) Based on these facts, Vargas asserts false arrest and false imprisonment claims under the Fourth Amendment. (*Id*. at 4.) He seeks money damages as well as unspecified injunctive and declaratory relief. (*Id*. at 5.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.
[2] Vargas does not name the City of Philadelphia as a Defendant.

## II. STANDARD OF REVIEW

The Court grants Vargas leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Vargas is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

---

[3] Because Vargas is a prisoner, he must still pay the full amount of the filing fee for this case in installments as required by the Prison Litigation Reform Act.

42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Vargas asserts Fourth Amendment claims for false arrest and false imprisonment against McCauley.[4] To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).[5] "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

---

[4] In drafting his Complaint, Vargas checked the box on the standard form he used indicating that he seeks to name McCauley in his official and individual capacities. (Compl. at 2.) Claims against government employees named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendants, here the City of Philadelphia. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. Despite checking the official capacity claim box on the form, Vargas does not appear to allege any official capacity claims against McCauley since he does not allege that a City of Philadelphia policy or custom caused the constitutional violations alleged in the Complaint. *See Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation).

[5] "False arrest and false imprisonment are 'nearly identical claims' that are 'generally analyzed together.'" *Karkut v. Target Corp.,* 453 F. Supp. 2d 874, 879 (E.D. Pa. 2006) (quoting *Brockington v. Phila.,* 354 F. Supp. 2d 563, 570 n. 8 (E.D. Pa. 2005) (citation omitted)).

Vargas fails to provide sufficient factual allegations in support of his Fourth Amendment claims against McCauley. He merely alleges in conclusory fashion that his arrest(s) and detainment(s) were illegal. He does not allege when or why he was arrested or detained or how many times this occurred. Nor does he provide any details about the circumstances surrounding those arrests and detainments, including whether McCauley lacked probable cause for them. Vargas has simply not pled sufficient allegations about the arrests and detainments themselves to support an inference that they were unconstitutional. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false). Without additional details about the arrests, detainments, and McCauley's alleged lack of probable cause, Vargas's Fourth Amendment claims for false arrest and false imprisonment are undeveloped and will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Vargas leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will grant Vargas leave to file an amended complaint in the event he can address the defects the Court has noted as to his Fourth Amendment claims. An appropriate Order follows, which provides further instruction as to amendment.

5

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, J.**